**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5081**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHRISTOPHER THOMAS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (3:07-cr-01251-JFA-1)

Submitted:  July 7, 2009                 Decided:  July 21, 2009

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Beattie B. Ashmore, PRICE ASHMORE & BEASLEY P.A., Greenville,
South Carolina, for Appellant. John David Rowell, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Thomas pleaded guilty to possession with intent to distribute cocaine base, marijuana, and ecstasy, in violation of 21 U.S.C. § 841(a) (2006), and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2009). The district court sentenced Thomas to 117 months of imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Thomas was informed of his right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether the district court erred in sentencing Thomas to 117 months of imprisonment. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including: "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

sentence . . . ." <u>Gall</u>, 128 S. Ct. at 597. This court "then consider[s] the substantive reasonableness of the sentence imposed." <u>Id.</u> "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (quoting <u>Gall</u>, 128 S. Ct. at 597). If the sentence is within the guidelines range, we apply a presumption of reasonableness. <u>Rita v. United States</u>, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have reviewed the record and conclude that the district court committed no reversible procedural error in sentencing Thomas. Furthermore, we conclude that Thomas' within-guidelines sentence is substantively reasonable.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

state that a copy thereof was served on Thomas.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED